UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Tramale J. M. Hooser, | ) | CASE NO. 4:15 CV 1445 |
| | ) | |
|     Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
|   v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Ralph Hanson, | ) | <u>AND ORDER</u> |
| | ) | |
|     Respondent. | ) | |

*Pro se* petitioner Tramale J.M. Hooser is an inmate in the Federal Correctional Institution in Elkton, Ohio. He has filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2241, challenging the enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e). He seeks an order vacating his enhanced sentence and for immediate release for time served. For the reasons stated below, his petition is denied.

**Background**

In 2005, petitioner pleaded guilty to the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1), in the Central District of Illinois. *See United States v. Hooser*, Case No. 04 CR 20054 (C.D. Ill. 2004). The presentence investigation report indicated petitioner should be classified as an armed career criminal under the ACCA based on three prior serious drug offenses or violent felonies committed in Vermillion County, Illinois. The petitioner did not object to the PSR, and he was sentenced to the mandatory minimum of 15 years.

Petitioner did not file a direct appeal from his conviction or sentence. On November 3, 2006, he filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, arguing he should not have been sentenced as an armed career criminal because one of his underlying convictions, for mob action, was a juvenile adjudication. The sentencing court denied his §2255 motion, after finding he procedurally defaulted on his claim by failing to raise it on direct appeal and also finding that the mob action conviction was properly used in classifying him as an armed career criminal. *See Hooser v. United States*, 486 F. Supp.2d 783 (C.D. Ill. 2007).

In 2014, petitioner filed a petition for *habeas corpus* relief pursuant to 28 U.S.C. §2241 in the Central District of Illinois, contending among other arguments that none of his prior convictions qualified as predicate offenses under the ACCA in light of the Supreme Court's decisions in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). The court denied relief, finding that neither *Alleyne* nor *Descamps* applied retroactively. *Hooser v. United States*, Case No. 14 CV 696, 2014 WL 3496900 (S.D. Ill. July 14, 2014).

## Discussion

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Id.* The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Even when the present petition is liberally construed, the petitioner is not entitled to relief under 28 U.S.C. §2241. As a general matter, 28 U.S.C. §2255 and 28 U.S.C. §2241 provide the

statutory scheme for federal prisoners to obtain *habeas* relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. §2255. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "saving clause" in §2255, 28 U.S.C. §2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447. Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held the savings clause applies to allow a §2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012). Actual innocence means "factual innocence"; the petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 Fed. App'x at 443.

Petitioner here does not claim that he is actually innocent of the federal charge for which he was convicted, being a felon in possession of a firearm. Instead, he challenges only his enhanced

3

sentence under the ACCA, contending his enhanced sentence is unconstitutional in light of the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" contained in a portion of the ACCA is void for vagueness and that imposing an increased sentence under the residual clause violates due process. The Court of Appeals for the Seventh Circuit has held that *Johnson* applies retroactively on collateral review for purposes of filing a second or successive petition under 28 U.S.C. §2255(h)(2). *See Price v. United States*, 795 F.3d 731 (7th Cir. 2015).[1]

However, even if *Johnson* applies retroactively for purposes of pursuing a second or successive motion for relief under §2255, the Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. §2241. *See Brown v. Hogsten*, 503 Fed. App'x 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241"); *Hayes*, 473 Fed. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims"); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . ."). Thus, even if *Johnson* affords the petitioner a valid basis to file a second or successive §2255 motion challenging his enhanced sentence in the sentencing court, his present challenge to his enhanced sentence does not fall within the savings clause of §2255(e), and his claims are not cognizable under § 2241.

## Conclusion

Accordingly, for the reasons stated above, this Section 2241 petition is denied and this action

---

[1] The Sixth Circuit has not yet addressed the issue.

is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: October 27, 2015                               /s/ John R. Adams
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE